NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

R.G., Individually and o/b/o E.G.,

        Plaintiffs,
   v.

UNION TOWNSHIP BOARD OF
EDUCATION,

        Defendant.

CIVIL NO. 05-2302 (GEB)

MEMORANDUM OPINION

**BROWN, Chief United States District Judge**

    This matter comes before the Court upon Cross Motions for Summary Judgement by Plaintiff R.G., Individually and o/b/o E.G. (hereinafter "Plaintiffs") and Defendant Union Township Board of Education (hereinafter Defendant) [Docket Entry #'s 7, 17 and 18]. The action was reassigned to the undersigned on September 12, 2006, and the Court, having read and fully considered all of the parties' submissions, has decided this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, Defendant's Cross Motion for Summary Judgment is GRANTED and Plaintiffs' Cross Motion for Summary Judgment is DENIED.

**I.    BACKGROUND**

    Plaintiffs and Defendant have submitted a joint stipulation of facts and exhibits which alleged that Plaintiff R.G.'s son, E.G., attended Defendant's schools and was classified eligible for special education in January, 2004. (Stipulation, ¶ 1). On February 9, 2004, Plaintiffs requested mediation with Defendant through the Department of Education, requesting an

appropriate placement, a change in classification and appropriate related services.  (Id. at ¶ 2).  On February 25 and March 2, 2004, Plaintiffs, through their Advocate, requested a change in classification, a new methodology for Plaintiff E.G., a one-to-one shadow aide and a Functional Behavioral Assessment, as prescribed by the treating pediatric neurologist.  (Id. at ¶ 3).  On March 18, 2004, Plaintiff resubmitted a petition for due process with the Department of Education Office of Special Education Programs.  The Plaintiff sought an appropriate classification, an appropriate placement, a behavioral intervention plan and appropriate related services.  (Id. at ¶ 4).

      Mediation on April 8, 2004, was attended by Defendant E.G.'s principal, Defendant's director of special services, Defendant's attorney, Plaintiff R.G. and Plaintiff's consultant.  (Id. at ¶ 5).  Mediation resulted in an agreement which included, in relevant part, that Plaintiffs' consultant would provide the school with placement options to the parties for consideration for Plaintiff E.G. by the end of April, 2004.  (Id. at ¶ 6).

      Plaintiffs provided Defendant with two placement options on April 22, 2004.  (Id. at ¶ 7).  However, Defendant did not conduct a functional behavioral assessment of Plaintiff E.G. as previously agreed upon.  Defendant asserts that the failure to conduct a behavioral assessment was because Plaintiff E.G. was not attending school at that time.  (Id. at ¶ 9).

      Plaintiffs, in the interim had visited the Newgrange School, and out-of-district school.  On June 24, 2004, Plaintiff E.G. was accepted to Newgrange's program.  (Id. at ¶ 10).  On July 1, 2004, Defendant sent correspondence to the Advocate seeking consent to send Plaintiff E.G.'s records to other out-of-district placements because of their concern regarding the significant distance Newgrange was from Union County.  (Id. at ¶ 11).

On or about August 2, 2004, Defendant filed a due process petition with the Office of Special Education Programs seeking an order requiring Plaintiff to execute a release allowing Plaintiff E.G.'s records to be sent to the Cranford Alternative Middle School (hereinafter "CAMP"). (Id. at ¶ 12). On or about August 9, 2004, Plaintiff filed a request for emergent relief with the Office of Special Education Programs seeking immediate and permanent placement of Plaintiff E.G. at the Newgrange School. (Id. at ¶ 13).

On September 1, 2004, the Administrative Law Judge (hereinafter "ALJ") denied Plaintiff's motion for emergent relief because the circumstances "did not meet the standard set forth in N.J.A.C. 1:6A-12.1(e)." (Id. at ¶ 14).

On September 8, 2004, Plaintiff agreed to sign the pupil record release form and to "cooperate" with the intake process, and she visited the schools soon thereafter. It was agreed that, if no agreement was reached on an appropriate placement for Plaintiff E.G., the parties would proceed with a due process hearing before an ALJ. (Id. at ¶ 15). In September, 2004, the parties began informal negotiations, including telephone conferences between the parties and conducted by the Office of Administrative Law through October and November, 2004. (Id. at ¶ 17). Settlement was not effectuated, however, and hearings were conducted on December 16, 2004 and January 25, 2005 before the Office of Administrative Law. (Id. at ¶¶ 18, 19). Post-hearing and reply briefs were submitted by the parties in February, 2005. (Id. at ¶ 19).

The ALJ determined the issues to be as follows: (1) whether CAMP was an appropriate placement for Plaintiff E.G.; or (2) whether Newgrange was an appropriate placement for Plaintiff E.G.. (Id. at ¶ 20). The ALJ found that imperative diagnostic testing which would aid

the court in determining which program and school would be best for Plaintiff E.G. had not been conducted. (Id. at ¶¶ 21-25). The ALJ ultimately ruled that Plaintiff did not prove that Newgrange was an appropriate placement for Plaintiff E.G. and that Defendant did not prove that CAMP was an appropriate placement for Plaintiff E.G. (Id. at ¶¶ 26, 27). Both petitions were thereafter dismissed. (Id.).

On April 28, 2005, Plaintiffs filed the instant action seeking to have this Court review the ALJ's determination and rule that the Newgrange School was an appropriate placement for Plaintiff E.G. and to enter an award for fees and costs incurred during the administrative proceedings. (Complaint, ¶ 43, A and B). On June 1, 2005, Defendant filed its Answer to Plaintiffs' Complaint. (Civil Docket, # 2). On July 1, 2005, Plaintiffs file a notice of withdrawal of that portion of their Complaint which sought to have the District Court review the ALJ's previous determination. (Docket Entry # 4). On August 26, 2005, and September 9, 2005, respectively, Plaintiffs filed two motions seeking leave to amend their Complaint and file a motion for summary judgment. (Docket Entry ##'s 7 and 10). On August 31, 2005 and September 14, 2005, United States Magistrate Judge Patty Shwartz denied Plaintiffs' requests. (Docket Entry ##'s 8 and 11). On October 4, 2005, Judge Shwartz ordered that the parties were to enter their stipulations of facts and exhibits, and that the parties may thereafter file their motions for summary judgment. (Docket Entry # 12). On December 2, 2005, Judge Shwartz ordered that any dispositive motions filed prior to the docketing of the stipulations of facts and exhibits previously ordered were to be struck. (Docket Entry # 15). On December 6, 2005, a joint stipulation of facts and exhibits were entered by the parties. (Docket Entry # 16). On December 14, 2005, Defendant filed their Cross Motion for Summary Judgment (Docket Entry # 17). On December 22, 2005, Defendant filed their opposition to Plaintiffs' Motion for Summary

Judgment (Docket Entry # 18). Plaintiffs have not filed opposition to Defendant's Cross Motion for Summary Judgment. Both Plaintiffs and Defendant's Motions for Summary Judgment seek a determination regarding the fees and costs portion of Plaintiffs' Complaint.[1]

## II.   STANDARD OF REVIEW

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Like Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prod. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

---

[1] The Court notes that Plaintiffs' Summary Judgment Motion is no longer active per Judge Shwartz's orders. However, as the parties did ultimately enter a joint stipulation of facts and evidence, Plaintiffs Motion for Summary Judgment will be considered and ruled upon for purposes of the parties cross-motions.

>genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The rule does not increase or decrease a party's ultimate burden of proof on a claim.  Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case."  Anderson, 477 U.S. at 255-56.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the non-moving party has provided evidence to show that a question of material fact remains.  See Celotex, 477 U.S. at 324.  Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id., "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586, n.12; see also Anderson, 477 U.S. at 247-48 ("[B]y its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion . . . the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original).

What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324: see also Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact . . . the [non-moving party] need not

match, item for item, each piece of evidence proffered by the movant" but rather must exceed the 'mere scintilla' threshold.), cert. denied, 507 U.S. 912 (1993). Here, the material facts are undisputed, and thus, the matter is ripe for summary judgment.

### III.   ANALYSIS

Under the "American Rule," parties are typically responsible for their own fees and costs in a litigation. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975). However, the Individuals with Disabilities Education Act (hereinafter the "IDEA") provides for attorney's fees and related costs to parents who are prevailing parties. See 20 U.S.C. § 1415(i)(3)(A), (B).

The United States Supreme Court and the Third Circuit Court of Appeals have determined that in order to prove prevailing party status, said party must have obtained a "judicially sanctioned change in the legal relationship" between the parties. See Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598 (2001); John T. v. the Delaware County Intermediate Unit, 318 F.3d 545, 556 (3d Cir. 2003) (applying Buckhannon to IDEA cases).

Here, because neither party received the relief sought before the ALJ, neither party obtained a "judicially sanctioned change in the legal relationship." As such, neither party is prevailing. Therefore, Defendant's Cross-Motion for Summary Judgment is granted, and that portion of Plaintiffs' Complaint shall be dismissed with prejudice.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Summary Judgment Motion is GRANTED and Plaintiffs' Summary Judgment Motion is DENIED.

s/Garrett E. Brown, Jr.<br>
**HONORABLE GARRETT E. BROWN, JR.**<br>
**CHIEF UNITED STATES DISTRICT JUDGE**

Dated: September 14, 2006

Case 2:05-cv-02302-GEB-CCC   Document 21   Filed 09/15/06   Page 8 of 8 PageID: 177

-8-